UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT DEREK LEWIS,

    Petitioner,

v.                                                  CASE NO. 6:04-cv-727-Orl-31JGG

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 15). Respondents also filed a supplemental response (Doc. No. 18) to the petition, and Petitioner filed a reply (Doc. No. 20) to the supplemental response.

*Procedural History*

Petitioner was charged by information with one count of capital sexual battery and one count of lewd act upon a child. After jury trial, he was found guilty of capital sexual battery and was sentenced to life in prison. The Florida Fifth District Court of Appeal affirmed Petitioner's conviction and sentence. Petitioner filed a motion for rehearing, which was denied on October 21, 1998. He then sought discretionary review with the Florida Supreme Court, but the petition for review was dismissed on November 24, 1998.

On September 25, 2000, Petitioner, through counsel, filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the trial court denied. By order dated November 21, 2003, the appellate court affirmed the denial. Petitioner's subsequent request for rehearing was denied on December 24, 2003, and mandate was issued on January 12, 2004. Petitioner then sought review in the Florida Supreme Court, but by order dated May 12, 2004, the Florida Supreme Court declined to accept jurisdiction.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Supreme Court of Florida denied review of Petitioner's direct appeal by order dated November 24, 1998. Petitioner then had ninety days, or through February 22, 1999, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on February 22, 1999, and Petitioner had through February 22, 2000, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). The instant petition was not filed until May 17, 2004. Since the one year period of limitation ran on February 22, 2000, Petitioner's May 17, 2004, habeas corpus petition was not timely filed and must be denied.[1]

Petitioner concedes that his petition is untimely, but argues that the one year limitation should not bar his claims because he is "actually innocent" and, alternatively, equitably tolling applies. *See* Doc. No. 4 at 2. The Eleventh Circuit Court of Appeals has yet to decide whether there is an "actual innocence" exception to the one year statute of limitations set forth in § 2244. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1315 n.1 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). However, assuming the existence of such an exception, "[c]laims of actual innocence are extremely rare and are based on 'factual innocence not mere legal insufficiency.'" *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 612 (1998)).

---

[1]The Court is aware that Petitioner filed a Rule 3.850 motion. However, since the one year period concluded before Petitioner initiated that action, the tolling provision of section 2244(d)(2) does not apply to the Rule 3.850 proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

The claim requires satisfaction of two requirements: (1) new reliable evidence, which was not presented at trial, establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995); *see also Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998) ("[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) showing that it is more likely than not that no reasonable juror would have convicted him.") (quotation omitted) (citation omitted).

In the present case, Petitioner has failed to satisfy either prong. As to the first prong, he does not support his allegation of innocence with new evidence; instead, he presents evidence known and available prior to trial and contends his trial counsel was ineffective. Furthermore, Petitioner's arguments are not sufficient to convince this Court that "it is more likely than not that no reasonable juror would have convicted" him. Consequently, Petitioner does not qualify for an actual innocence exception to the one year period of limitation, even if such an exception exists.

Petitioner also claims that the one year period should be subject to equitable tolling because his post-conviction counsel failed to heed Petitioner's requests to file the Rule 3.850 motion within one year after his conviction became final. Instead, counsel misadvised Petitioner that the one year did not begin to run until after all state proceedings were exhausted.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high

hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations simply do not rise to the level of extraordinary circumstances beyond his control which would warrant equitable tolling of the one year period set forth in § 2244(d). The Eleventh Circuit Court of Appeals has clearly indicated that incorrect legal advice regarding the calculation of the one year period does not justify equitable tolling. *See Helton*, 259 F.3d at 1313 (denying equitable tolling to inmate whose counsel misinformed him about the one year time limit); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable tolling. An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.") (citations omitted). Consequently, equitable tolling does not apply, and Petitioner's petition must be denied as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 14th day of November, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/14
Robert Derek Lewis
Counsel of Record