UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT DEREK LEWIS,

    Petitioner,

v.                                       CASE NO. 6:04-cv-727-Orl-31UAM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

This case is before the Court on the following motions:

**MOTIONS**: Petitioner's Motion to Vacate, Alter or Amend Order and Judgment Entered November 14 (or 15), 2005, and/or for Other Extraordinary Relief (to Allow Petitioner to Seek and Obtain Appellate Review of Dismissal of Habeas Corpus Petition) (Doc. No. 26, filed August 27, 2007);

and

Petitioner's Application for Certificate of Appealability (Doc. No. 35, filed September 28, 2007).

The Eleventh Circuit Court of Appeals has made clear that litigants may not use Rule 60(b) of the Federal Rules of Civil Procedure to circumvent the "strict time limits for filing a notice of appeal" set forth in Rule 4 of the Federal Rules of Appellate Procedure. *See Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, (11th Cir. 2002) (affirming district court's denial of Rule 60(b) motion filed by party seeking to avoid requirements of Rule 4). Accordingly, in an Order dated August 29, 2007, this Court denied Petitioner's Motion to Vacate, Alter or Amend Order and Judgment to the extent the motion sought, pursuant to Rule 60(b), "alteration of the

Court's Order dated November 14, 2005 (Doc. No. 22), and the Judgment dated November 15, 2005 (Doc. No. 23)" (the "August Order") (Doc. No. 28). The Court deferred ruling on Petitioner's motion "to the extent is seeks an order to reopen the time to file and appeal pursuant to Rule 4(a)(6)." *Id.* The Court also provided an opportunity to file additional memoranda of law regarding the issue of whether the time to appeal should be reopened. *Id.*

In accordance with the Court's August Order, Respondents filed a Response on September 7, 2007 (Doc. No. 29), and Petitioner filed a Reply on September 17, 2007 (Doc. No. 33). Petitioner also filed a "conditional" notice of appeal (Doc. No. 34), which was construed as an application for certificate of appealability (Doc. No. 35). Having reviewed the parties' submissions with regard to whether the Court should reopen the time to file an appeal pursuant to Rule 4(a)(6), the Court finds that Petitioner's Motion (Doc. No. 26) must be denied.

This Court may grant a motion to reopen the time to appeal if the following requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure are satisfied:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives noticed under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, the judgment or order sought to be appealed from was entered by the Court on November 15, 2005. (Doc. Nos. 22 and 23). Accordingly, Petitioner had until May 15, 2006, to file

a motion to reopen.[1]  *See* Fed. R. App. P. 4(a)(6)(B) (requiring that a motion to reopen be filed "within 180 days after the judgment or order is entered" at the latest).  Petitioner did not file a motion to reopen the time to file an appeal until August 27, 2007.  (Doc. No. 26).  Accordingly, this Court cannot grant a motion to reopen the time to file a notice of appeal because Petitioner cannot satisfy the timing requirement of Rule 4(a)(6)(B).[2]

Thereon it is **ORDERED** that:

(1)     Petitioner's motion to vacate order and judgment (Doc. No. 26) is **DENIED**.

(2)     Petitioner's Application for Certificate of Appealability (Doc. No. 35) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this 15th day of October, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/15
Robert Derek Lewis
Counsel of Record

---

[1] The 180-day limit expired on a Sunday, May 14, 2006.  Accordingly, Petitioner had until the following Monday, May 15, 2006, to file his motion to reopen.

[2] Petitioner contends that the timing requirements of Rule 4(a)(6)(B) should be disregarded in this case because he is "actually innocent."  (Doc. No. 33 at 6-7) (arguing that "the actual innocence exception to procedure default as recognized by *Schlup v. Delo*, et al., is an alternative basis, separate and distinct from the provisions of Rule 4(a)(6), which must, where petitioner has made a viable and substantial prima facie showing of actual innocence, afford the means and opportunity to seek appellate review of an unnoticed denial of a habeas corpus petition").  This Court has previously rejected Petitioner's actual innocence argument.  (Doc. No. 22 at 3-5).