UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT DEREK LEWIS,

    Petitioner,

v.                                                         Case No. 6:04-cv-727-Orl-31UAM

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

This case is before the Court on Petitioner's Application for Certificate of Appealability (Doc. No. 36, filed October 12, 2007) and Motion to Proceed *In Forma Pauperis* on Appeal (Doc. No. 37, filed October 12, 2007).

Petitioner argues that the Court should issue a certificate of appealability with regard to the "question of whether Rule 60(b) can be utilized to seek the means to obtain an appeal from an unreceived [sic] order and judgment denying habeas corpus relief based on a claim and substantial showing of *actual innocence* and in light of the decision of the Supreme Court in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005)." (Doc. No. 36). In *Gonzalez*, the United States Supreme Court simply held that a Rule 60(b) motion in a section 2254 action should not be treated as a successive petition under 28 U.S.C. § 2244(b) when "the petitioner alleges that the federal courts misapplied the federal statute of limitations set out in §2244(d)." *Gonzalez*, 545 U.S. 524, 533 (2005). Here, Petitioner did not argue that the Court misapplied the federal statute of limitations, and this Court did not treat Petitioner's Rule 60(b) motion as a successive petition. Rather, Petitioner sought relief under Rule 60(b)(6), "for the purpose of reinstating his 30-day appeal period," and this Court denied the Rule 60(b) motion as an improper attempt to circumvent the requirements of Rule 4 of the

Federal Rules of Appellate Procedure. (Doc. No. 26 at 2-3 & Doc. Nos. 28 & 38). Accordingly, Petitioner's argument that this Court should have granted Petitioner's Rule 60(b) motion pursuant to *Gonzalez* is without merit. Petitioner's argument that this Court should grant Petitioner's Rule 60(b) motion because he is "actually innocent" also is without merit.[1] As noted previously, this Court has considered and rejected Petitioner's claim that he is actually innocent. (Doc. No. 3 at 2 & Doc. No. 22 at 3-5).

This Court should grant an application for certificate of appealability only if Petitioner makes a substantial showing of the denial of a constitutional right. As set forth above, and in prior Orders, Petitioner has made no such showing. The Court further finds that any appeal by Petitioner would not be taken in good faith. *See* Fed. R. App. P. 24(a).

Therefore, it is **ORDERED**:

(1) Petitioner's Application for Certificate of Appealability (Doc. No. 36) is **DENIED**.

(2) Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal (Doc. No. 37) is **DENIED.**

**DONE AND ORDERED** at Orlando, Florida, this 17th day of October, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/17
Robert Derek Lewis
Counsel of Record

---

[1] Despite his references to newly discovered evidence and his claim of "actual innocence," the Court notes that Petitioner did not bring his Rule 60(b) motion "to allow Petitioner to seek and obtain appellate review" under Rule 60(b)(2) which explicitly permits relief from judgment due to "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). Motions pursuant to Rule 60(b)(2) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. P. 60(b). Further, the United States Supreme Court has held that a motion pursuant to Rule 60(b)(2) asserting an entitlement to relief based upon newly discovered evidence "is in substance a successive habeas petition." *Gonzalez*, 545 U.S. at 530.